IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE CRUZ GONZALES,  No. 2:12-CV-1065-CMK-P

    Plaintiff,

  vs.  ORDER

MIKE McDONALD,

    Defendant.

_____/

       Plaintiff, a prisoner proceeding pro se, has filed a complaint under 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's complaint (Doc. 1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names as the only defendant Mike McDonald, the warden of High Desert State Prison. Plaintiff claims that, upon his initial arrival at High Desert State Prison, he was informed that he would be placed on immediate lock-down because he was classified as a "Northern Hispanic." Plaintiff complains of additional situations while at High Desert State Prison where he was treated differently solely due to his racial classification. For relief, plaintiff requests, among other things, a "law against race based lockdowns."

On June 28, 2012, the court directed plaintiff to show cause in writing why this action should not be dismissed for failure to state a claim against the only named defendant. The court stated:

> It is clear that plaintiff's only theory of liability against warden McDonald – the only named defendant – is that, as the prison warden, he is responsible for the conduct of his subordinates. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and

1 | the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S.Ct. at 1948. Because plaintiff has not alleged any personal involvement on the part of McDonald, and because it is apparent that plaintiff's only theory against McDonald is respondeat superior, this action should be dismissed.

In response to the order to show cause, plaintiff reiterates the general factual allegations underlying his complaint, but he does not name any other individuals who are alleged to have violated his constitutional rights, and he does not describe any individual conduct on defendant McDonald's part to support liability.

Accordingly, IT IS HEREBY ORDERED that:

1.  This action is dismissed with prejudice for failure to state a claim; and

2.  The Clerk of the Court is directed to enter judgment and close this file.

DATED: August 8, 2012

                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE